IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID MAI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-1275-D |
| | § | |
| THE ART INSTITUTE OF DALLAS | § | |
| AII, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff David Mai ("Mai") petitions to vacate an arbitration award, contending that his rights were prejudiced by the arbitrator's evident partiality and corruption, or, in the alternative, that the arbitrator was guilty of prejudicial misconduct or misbehavior.  Defendant The Art Institute of Dallas Aii, LLC ("AI Dallas") cross-moves for confirmation of the award and for attorney's fees.  Concluding that Mai has failed to show that the arbitrator demonstrated evident partiality or corruption or was guilty of prejudicial misconduct or misbehavior, the court grants AI Dallas' cross-motion to confirm the arbitration award and motion for attorney's fees, denies Mai's petition to vacate the arbitration award, and enters judgment confirming the arbitration award.

I

In 2015 Mai enrolled in a program at AI Dallas, where he was later dismissed for failure to meet minimum academic performance standards.  Mai appealed the dismissal, and AI Dallas allowed him to resume his studies, subject to his complying with the standards

going forward.  In 2021 AI Dallas dismissed Mai for a final time for failing to comply.

In June 2021 Mai sued AI Dallas in state court, alleging breach of contract for AI Dallas' failure to award class credit, failure to release his official transcript, and charge of an impermissible fee.  AI Dallas moved to compel arbitration and counterclaimed for breach of contract for Mai's unpaid tuition and fees.  The parties arbitrated Mai's breach of contract claim and AI Dallas' counterclaim.  In his award ("Award"), the arbitrator denied Mai's breach of contract claim and granted AI Dallas' counterclaim for $13,119.91 in tuition and fees.  Mai refused to pay the Award and initiated the present lawsuit.  Mai filed the petition to vacate the Award on May 1, 2023 and served AI Dallas with notice of the Award on May 25, 2023.

The petition and cross-motion are before the court on the briefs and supporting papers, and the matter is now ripe for decision.[1]

II

AI Dallas properly removed this case based on diversity of citizenship because the parties are completely diverse citizens.  Mai is a citizen of Texas, and AI Dallas is a citizen

---

[1]Mai filed his petition in state court on May 1, 2023.  Following removal, AI Dallas filed its combined opposition to Mai's petition and cross-motion to confirm the Award, brief, and evidentiary appendix on June 6, 2023.  On July 11, 2023 AI Dallas filed a reply brief in support of its cross-motion for the purpose of "request[ing] that the Court proceed to ruling on the parties' pending motions regarding the underlying arbitration award."  D. Reply Br. (ECF No. 12) at 1.  AI Dallas maintained that the petition and cross-motion were ripe considering that Mai "did not file a reply in support of his Petition . . . [and] also did not file a response to the Cross Motion within the 21 days allotted under the rules."  *Id.*  Neither side has made any additional merits filings since AI Dallas' July 11 filing, and the petition and cross-motion are ripe for decision.

of Delaware and New York. AI Dallas is a limited liability company (LLC) whose citizenship is determined by the citizenship of each of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The court applies the same rule for citizenship if any member of an LLC is itself an LLC and continues the analysis until citizenship can be determined. *See id.* at 1079-80; *see also Alphonse v. Arch Bay Holdings, L.L.C.*, 618 Fed. Appx. 765, 768 (5th Cir. 2015) ("[W]e have observed that the appropriate tests for citizenship involve tracing entities' citizenship down the various organizational layers where necessary.") (quotation marks omitted). Here, AI Dallas' sole member is Miami International University of Art & Design, LLC, whose sole member is The Arts Institutes International, LLC, whose sole member is Education Principle Foundation ("EPF"). Because EPF is an incorporated corporation, its citizenship is determined by its state of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1). EPF is a citizen of Delaware, its state of incorporation, and New York, its principal place of business.

The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. The amount in controversy in an action to vacate an arbitration award is not the amount of the actual arbitration award but the amount demanded in the underlying arbitration. *See Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 182-83 (5th Cir. 2016). Mai demanded $500,000 in the underlying arbitration, which exceeds the sum of $75,000, exclusive of interest and costs.

Accordingly, the court has subject matter jurisdiction based on diversity of citizenship.

- 3 -

III

Mai's petition to confirm the Award is governed by the standards of the Federal Arbitration Act ("FAA").[2]  "Judicial review of an arbitration award is extraordinarily narrow." *Antwine v. Prudential Bache Secs., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990).  Under the FAA, the court reviews the Award under a highly deferential standard, which the Fifth Circuit has described as "among the narrowest known to the law."  *Del Casal v. E. Airlines, Inc.*, 634 F.2d 295, 298 (5th Cir. Unit B Jan. 1981).  "The court may not vacate a tribunal's award based on mere errors in interpretation or application of the law, or mistakes in factfinding."  *Mantle v. Upper Deck Co.*, 956 F. Supp. 719, 726 (N.D. Tex. 1997) (Fitzwater, J.) (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).  Rather, the exclusive grounds for vacatur of an arbitration award are set forth in § 10(a) of the FAA, which provides that a court may vacate an award where: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; and (4) the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award upon the subject matter submitted was not made.

---

[2]The FAA applies because the arbitration provision in the parties' contract states, in pertinent part, that "[t]he [FAA], including all its substantive and procedural provisions, and related federal decisional law shall govern this Arbitration Agreement to the fullest extent possible."  P. Pet. to Vacate (ECF No. 1-6) at 39 ¶ 6.

*Mantle*, 956 F. Supp. at 726 (citing 9 U.S.C. § 10(a)).

Under FAA § 10(a)(2), the standard for establishing evident partiality or corruption is "stern." *OOGC Am., L.L.C. v. Chesapeake Expl., L.L.C.*, 975 F.3d 449, 453 (5th Cir. 2020) (quoting *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 281 (5th Cir. 2007) (en banc)). "Evident partiality requires more than a mere appearance of bias." *McGee v. MRC Energy Co.*, 2022 WL 865895, at *4 (N.D. Tex. Mar. 22, 2022) (Scholer, J.). A party must show "a concrete, not speculative impression of bias" that "stem[s] from a significant," not trivial, "compromising connection." *OOGC Am., L.L.C.*, 975 F.3d at 453 (citation and quotation marks omitted). "[T]he party challenging the award 'must produce specific facts from which a reasonable person would *have* to conclude that the arbitrator was partial to' its opponent." *Id.* (quoting *Cooper v. WestEnd Cap. Mgmt., L.L.C.*, 832 F.3d 534, 545 (5th Cir. 2016)).

Under FAA § 10(a)(3), the standard for establishing whether an arbitrator is guilty of prejudicial misconduct or misbehavior is also stringent. "To constitute misconduct requiring vacation of an award, an error in the arbitrator's determination must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing." *Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 399 (5th Cir. 2006) (quoting *El Dorado Sch. Dist. No. 15 v. Cont'l Cas. Co.*, 247 F.3d 843, 848 (8th Cir. 2001)) (quotation marks omitted). "Courts will not say that a movant was denied a fair hearing if the record supports a reasonable basis for the arbitrator's decision." *Avalos v. Chavez*, 2022 WL 18775908, at *3 (W.D. Tex. May 20, 2022) (citing *Laws*, 452 F.3d at

- 5 -

400).

IV

The court discerns no basis to vacate the Award.

A

Mai posits that the court should not confirm the Award because his rights were prejudiced by the arbitrator's evident partiality and corruption, or, in the alternative, by the arbitrator's misconduct and misbehavior. Mai's support for both grounds is the same. According to Mai, the arbitrator "gave more validity to [AI Dallas'] arguments and evidence and indicated that [Mai's] requested relief was excessive prior to the proceedings." P. Pet. to Vacate (ECF No. 1-6) at 6 ¶ 17; *see also id.* ¶ 18.

The court may not vacate an award based solely on legal or factual error. *See United Paperworkers Int'l Union*, 484 U.S. at 38. An arbitrator's decision not to credit a party's arguments and evidence is not reviewable. *See Brooks v. Cintas Corp.*, 91 Fed. Appx. 917, 919 (5th Cir. 2004) (per curiam) (holding arbitrator's decision not to credit evidence was not reviewable where arbitrator heard the evidence and mentioned it in his recitation of facts).

B

The court will first assume that Mai must satisfy his burden with evidence. Mai has failed to meet the "onerous burden" of demonstrating evident partiality based on the arbitrator's "indication" prior to the proceedings that Mai's requested relief was "excessive." *See Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F.Supp.2d 545, 549 (N.D. Tex. 2006) (Fitzwater, J.). Mai has not included with his petition *any* evidence demonstrating

- 6 -

when or how the arbitrator indicated that Mai's requested relief was excessive or how a reasonable person would *have to conclude* that the Arbitrator was partial to AI Dallas because of that indication.  Mere appearance of bias is insufficient.

The arbitrator's "indication" is also insufficient to demonstrate that he was guilty of prejudicial misconduct or misbehavior.  Mai does not include *any* evidence demonstrating how the arbitrator's "indication" deprived him of a fair merits hearing.  All of Mai's exhibits and witnesses were admitted at the hearing; Mai offered no proof that AI Dallas had charged impermissible fees; Mai admitted that there were at least $385.00 in unpaid fees; AI Dallas offered proof of $13,119.91 in unpaid fees; and, even after AI Dallas delivered Mai's transcript, Mai contended it was invalid because it was not sent school-to-school, but he offered no proof of having applied to another school or having sought to transmit the transcript.  The record indicates that the arbitrator had a reasonable basis for his decision.

C

But even if the court assumes *arguendo* that Mai's allegations must be taken as true and that he is not obligated to present supporting evidence, his petition still fails.  This is so because Mai failed to serve timely notice of his petition to vacate the Award on AI Dallas or its attorney.

The FAA requires that "notice of a motion to vacate, . . . be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12.  "Parties who fail to comply with the notice provision forfeit their right to seek judicial review of the arbitration award."  *Richards v. Int'l Bus. Machs. Corp.*, 2022 WL 17637460,

at *2 (N.D. Tex. Dec. 12, 2022) (Godbey, C.J.) (citing *Haljohn-San Antonio, Inc. v. Ramos*, 2020 WL 7495098, at *3 (N.D. Tex. Dec. 21, 2020) (Starr, J.)). AI Dallas points out that, because the Award was filed on January 31, 2023, Mai was required to serve notice on AI Dallas or its attorney by May 1, 2023. And while Mai filed his petition on May 1, 2023, he did not serve notice on AI Dallas or its attorney until May 25, 2023, which is after the statutory deadline. By failing to serve AI Dallas or its attorney within the three-month period, Mai forfeited his right to seek judicial review of the Award.

## D

Accordingly, the court holds that Mai has failed to meet his stern and onerous burdens, and it denies his petition to vacate the Award and grants AI Dallas' cross-motion to confirm the Award.

## V

AI Dallas also moves for an award of attorney's fees.

"The FAA does not provide for attorney's fees to a party who is successful in confirming an arbitration award in federal court." *Interstate Distrib. Co. v. Ellis*, 2016 WL 3269709, at *2 (S.D. Tex. June 15, 2016) (Rosenthal, J.) (citing *Trans Chem. Ltd. & China Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 311 (S.D. Tex. 1997)). "The prevailing party may nevertheless be entitled to attorney's fees in an action to confirm an arbitration award if the opponent's reasons for challenging the award are 'without merit' or 'without justification,' or are legally frivolous, that is, brought in bad faith to harass rather than win." *Ellis*, 2016 WL 3269709, at *2 (citing *Executone Info. Sys. v. Davis*, 26 F.3d 1314, 1331 (5th

Cir. 1994)).

For the reasons explained above, the court finds that Mai's reasons for challenging the Award were without merit or justification because they failed to comply with the FAA's procedural and substantive requirements. AI Dallas may apply for an award of attorney's fees by motion under the procedure prescribed by Fed. R. Civ. P. 54(d)(2). The motion must be filed no later than 14 days after the judgment is entered.

*   *   *

The court grants AI Dallas' cross-motion to confirm the arbitration award and its motion for attorney's fees and denies Mai's petition to vacate the arbitration award.

**SO ORDERED**.

September 14, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 9 -