IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID MAI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-1275-D |
| | § | |
| THE ART INSTITUTE OF DALLAS AII, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Following the court's judgment holding that there was no ground for vacatur of an arbitration award in its favor, defendant The Art Institute of Dallas Aii, LLC ("AI Dallas") applies for $12,020.50 in attorney's fees and moves for sanctions against opposing counsel under 28 U.S.C. § 1927. For the reasons that follow, the court grants the fee application and awards AI Dallas the sum of $12,020.50 in attorney's fees, and denies AI Dallas' motion for sanctions.

I

Plaintiff David Mai ("Mai") appealed an arbitration award, alleging evident partiality or corruption and that the arbitrator was guilty of prejudicial misconduct or misbehavior. *See Mai v. Art Inst. of Dall. Aii, LLC ("Mai I")*, 2023 WL 5986464, at *1 (N.D. Tex. Sept. 14, 2023) (Fitzwater, J.), *appeal filed*, No. 23-11037 (5th Cir. Oct. 11, 2023). The court held in AI Dallas' favor and confirmed the award.

AI Dallas now applies under Fed. R. Civ. P. 54(d)(2) for an award of attorney's fees

for the services of two attorneys, Ollie A. "Tres" Cleveland, Esquire ("Cleveland") and Brandt Hill, Esquire ("Hill"). AI Dallas contends that its has exercised billing judgment and voluntarily reduced the attorney's fees requested for its opposition to Mai's petition to vacate, its cross-motion to confirm the arbitration award, and the instant fee application. AI Dallas seeks attorney's fees for 1.5 hours of work by Cleveland, at an hourly rate of $535.00, and 28.4 hours of work by Hill, at an hourly rate of $395.00, totaling $802.50 for Cleveland and $11,218.00 for Hill, respectively, and $12,020.50 in all. AI Dallas also moves for sanctions against opposing counsel under § 1927.

Mai objects to AI Dallas's fee application on two grounds: that AI Dallas cannot prove the requested hourly rates are customarily charged in this particular community, and that AI Dallas has not presented sufficient documentation of the hours expended. Mai also opposes sanctions, maintaining that AI Dallas has not shown that Mai's counsel engaged in unreasonable and vexatious conduct.

II

As a threshold matter, although neither party has requested that the court abate its decision due to Mai's pending appeal, the court raises the abatement question itself and concludes there is no compelling reason to defer a decision. It is more efficient to resolve AI Dallas' fee application and sanctions motion now so that any appeal of the court's decisions can proceed in tandem with Mai's appeal of the court's decision on the merits. *See* Rule 54 advisory committee's note (1993 Amendments) (highlighting benefits of promptly resolving fee disputes, including ability to make ruling "in time for any appellate review of

a dispute over fees to proceed at the same time as review on the merits of the case"). It is also fairer to AI Dallas, as the prevailing party, because it enables AI Dallas to recover its attorney's fees more promptly.

III

The court now turns to AI Dallas' fee application.

A

The court follows a two-step process when determining an attorney's fee award.

> First the court calculates the "lodestar" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

*Jimenez v. Wood County*, 621 F.3d 372, 379-80 (5th Cir. 2010) (some citations omitted). The lodestar is presumptively reasonable, *see Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010), but the applicant bears the burden of substantiating both the requested hours and the hourly rates, *see Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

B

To calculate the lodestar amount, the court must first determine the reasonable hourly rates.

1

"The hourly rates to be used in the lodestar calculation are determined by 'the

prevailing market rates in the relevant community.'" *Barrow v. Greenville Indep. Sch. Dist.*, 2005 WL 6789456, at *15 (N.D. Tex. Dec. 20, 2005) (Fitzwater, J.) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)), *aff'd*, 2007 WL 3085028 (5th Cir. Oct. 23, 2007). The relevant legal community is the community where the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). As the fee applicant, AI Dallas "bears the burden of demonstrating 'that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Barrow*, 2005 WL 6789456, at *15 (quoting *Blum*, 465 U.S. at 895 n.11). Parties usually establish the reasonable hourly rate by providing affidavits of other attorneys practicing in the community. *See Tollett*, 285 F.3d at 368. But "[t]he affidavits of counsel may alone be sufficient proof" to establish the reasonable hourly rate. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012) (discussing attorney's fees in a discovery dispute). The trial court itself is also considered an expert as to the reasonableness of attorney's fees and therefore may exercise its own expertise and judgment in making an independent valuation of appropriate attorney's fees. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 4275277, at *2 n. 4 (N.D. Tex. Oct. 29. 2010) (Fitzwater, C.J.).

2

AI Dallas seeks attorney's fees for the services of Cleveland at an hourly rate of $535.00 and for the services of Hill at an hourly rate of $395.00. AI Dallas contends that the rates charged are reasonable based on the resumes and summaries of Cleveland's and Hill's

qualifications; a sworn declaration from Cleveland attesting to his and Hill's experience; and a sworn declaration from Carlos R. Soltero, Esquire ("Soltero"), a commercial litigation attorney in the Northern District of Texas, attesting to the hourly rate customarily charged in this locality. Soltero presents and publishes papers regarding attorney's fees in Texas for the State Bar of Texas and The University of Texas School of Law. Mai objects generally to AI Dallas' requested hourly rates, contending that AI Dallas "did not file any affidavits of other attorneys practicing in a particular community" and that AI Dallas "did not establish the reasonable hourly rate for a particular community." P. Resp. (ECF No. 23) at 4, ¶ 16.

AI Dallas posits that Cleveland's hourly rate of $535.00 is reasonable because Cleveland has been licensed in Mississippi since 2003 and in Alabama since 2005, has been practicing civil litigation for nearly 20 years, and is the chair of the firm's education practice. Cleveland avers that he practices higher education law almost exclusively. AI Dallas also maintains that Hill's hourly rate of $395.00 is reasonable because Hill has been practicing civil litigation for nearly 10 years and has substantial experience litigating higher education matters. Cleveland and Hill successfully represented AI Dallas in the underlying arbitration and in opposing Mai's petition to vacate and cross-moving to confirm the arbitration award. *See Mai I*, 2023 WL 5986464, at *4.

Cleveland's and Hill's hourly rates are consistent with—if not lower than—the prevailing market rates established in recent cases by judges of this court. *See, e.g.*, *Cortes-Castillo v. One Time Constr. Tex. LLC*, 2023 WL 5826976, at *3 (N.D. Tex. Sept. 8, 2023) (Ramirez, J.) (finding hourly rate of $440.00 for attorney licensed in 2012 and hourly rate

of $485.00 for attorney licensed in 2009 to be reasonable); *Mary Kay, Inc. v. Keller*, 2023 WL 4089428, at *2 (N.D. Tex. June 19, 2023) (Starr, J.) (finding hourly rate of $556.32 for partners and average hourly rate of $342.97 for associates to be reasonable); *Hardy v. SDM Hosp., LLC*, 2022 WL 272718, at *6 (N.D. Tex. Jan. 10, 2022) (Toliver, J.) (finding hourly rate of $525.00 for attorney licensed in 1993 to be reasonable), *rec. adopted*, 2022 WL 271751, at *1 (N.D. Tex. Jan. 28, 2022) (Scholer, J.); *Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co.*, 2021 WL 6428370, at *6 (N.D. Tex. Dec. 17, 2021) (Rutherford, J.) (finding hourly rates between $537.00 and $862.00 for complex litigation attorneys from full-service law firm to be reasonable). Mai only contends that AI Dallas' requested hourly rates are not reasonable because it did not support the rates with affidavits of other attorneys practicing in this particular community. The court disagrees with Mai's position.

First, AI Dallas *did* submit a sworn declaration from an attorney who is not counsel in this case and practices in this particular community: Soltero, who practices in the Northern District of Texas.

Second, to successfully apply for attorney's fees, AI Dallas is not required to submit the affidavit or declaration of an attorney who is not counsel in this case. "In assessing hourly rates, courts may consider affidavits or declarations attesting to the reasonableness of suggested rates . . . ." *Mantzuranis v. State Farm Lloyds*, 2022 WL 17406391, at *3 (N.D. Tex. Dec. 2, 2022) (Lynn, J.); *see also Advanced Physicians, S.C.*, 2021 WL 6428370, at *5-6 (relying on declarations from counsel to assess attorney's fee award); *Cortes-Castillo*, 2023 WL 5826976, at *3 (same). And there is no requirement that a fee application include an

affidavit or declaration of other attorneys—i.e., attorneys who are not counsel in the instant case—practicing in a particular community. *See Smith & Fuller, P.A.*, 685 F.3d at 491.

The rates requested also appear to be Cleveland's and Hill's regular rates. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) (per curiam) ("When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed.") (quoting *Islamic Ctr. of Miss., Inc. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989)). And "if the opposing party . . . urges that the fees be based on a rate lower than the prevailing attorney's usual charge, even though that amount is within the community-accepted range, that party should at least adduce some evidence to support its position that, under the circumstances, the requested rate is not reasonable." *Associated Builders & Contractors of La., Inc., v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990) (quoting *Islamic Ctr. of Miss., Inc.*, 876 F.2d at 469). Mai does not present any evidence demonstrating why AI Dallas' requested hourly rates are not reasonable. The court, as an expert in attorney's fees, finds that $535.00 per hour for Cleveland and $395.00 per hour for Hill are customarily charged in this locality for similar legal services and are reasonable rates.

C

The court next determines the number of hours reasonably expended by AI Dallas' counsel.

1

As the fee applicant, AI Dallas bears the burden of "documenting the appropriate hours expended . . ." and should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437. Ideally, AI Dallas should document its hours in the form of contemporaneous billing records "containing the date, the number of hours spent (calculated to a tenth of an hour), and a short but thorough description of the services rendered." *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997). AI Dallas must show that its attorneys exercised "billing judgment" by providing "documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (per curiam). Where the supporting documentation is inadequate, the court in its discretion can reduce the award accordingly. *See Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 536 (5th Cir. 1986).

2

AI Dallas seeks fees for 1.5 hours of work expended by Cleveland and 28.4 hours of work expended by Hill. In particular, AI Dallas seeks fees for Cleveland's 1.5 hours and Hill's 20.5 hours of work expended opposing Mai's petition to vacate and cross-moving to confirm the arbitration award, and Hill's 7.9 hours of work expended on the instant motion for attorney's fees. Mai objects generally to AI Dallas' hours, maintaining that AI Dallas did not "present adequately documented time records" or "present contemporaneous billing records" so that the court could determine the reasonableness of the hours expended. P.

Resp. (ECF No. 23) at 4, ¶ 17.

But AI Dallas *did* present adequately documented time records and contemporaneous billing records. AI Dallas' documented time entries reflect that three attorneys, including Cleveland and Hill, and a paralegal expended a combined total of 45.1 hours on motions related to this case. AI Dallas' counsel expended 37.2 hours on work opposing the motion to vacate and cross-motion to affirm the arbitration award and 7.9 hours of work on the instant motion for attorney's fees.[1]

On the opposition to vacate and cross-motion to affirm the arbitration award, Cleveland performed 3.8 hours of work and Hill performed 24 hours of work. AI Dallas discounted all 9.4 hours of work spent by the other attorney and the paralegal, and discounted 2.3 hours of work expended by Cleveland and 3.5 hours of work expended by Hill. AI Dallas reduced its requested hours for work on these motions by a total of 15.2 hours, or, stated differently, by 40.86%. On the instant motion for attorney's fees, AI Dallas seeks fees for 7.9 hours of work spent by Hill, without any reductions. Accordingly, AI Dallas seeks fees for 1.5 hours of work spent by Cleveland and 20.5 hours of work spent by Hill opposing the motion to vacate and cross-moving to affirm the arbitration award, and 7.9 hours of work spent by Hill on the motion for attorney's fees.

The court finds that the hours for which AI Dallas seeks compensation are reasonable. AI Dallas has submitted time records with daily entries billed to the tenth of the hour. The

---

[1] AI Dallas' documented time entries include billing entries made by Cleveland, Hill, Taylor Meek, Esquire, and Laura Juarez, a paralegal.

descriptions demonstrate that AI Dallas' counsel seeks fees for 22 hours of work on a 16-page supporting brief and a 2-page reply brief to oppose Mai's petition to vacate and cross-move to affirm the arbitration award, and 7.9 hours on an 11-page supporting brief with roughly 75 pages of exhibits to move for attorney's fees. *See Dealer Comp. Servs., Inc. v. Johnson Ford Lincoln Mercury Nissan, Inc.*, 2010 WL 2991064, at *5 (S.D. Tex. July 26, 2010) (finding 20 hours of work expended on motion to vacate reasonable). AI Dallas does not seek fees for its notice of removal or application for admission pro hac vice, and it has voluntarily reduced by 40.86% its hours spent opposing the petition to vacate and cross-moving to affirm the arbitration award. AI Dallas has satisfied its burden to demonstrate the reasonableness of the time for which it seeks to recover attorney's fees. Accordingly, the court finds that 1.5 hours of work spent by Cleveland and 28.4 hours of work spent by Hill are reasonable. The lodestar amount therefore equals $535.00 x 1.5 hours + $395.00 x 28.4 hours, or, $802.50 + $11,218.00, which totals $12,020.50 in attorney's fees.

D

Once the lodestar amount is determined, there is a strong presumption that it represents a reasonable fee. *See Perdue*, 559 U.S. at 552; *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). The court can adjust the lodestar upward or downward after assessing the pertinent *Johnson* factors,[2] but the party seeking the

---

[2] Not all *Johnson* factors still apply. *See City of Burlington v. Dague*, 505 U.S. 557, 567 (1992) (suggesting *Johnson* factor six, whether the fee is fixed or contingent, is largely erroneous); *Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993) (holding that "the contingent nature of the case cannot serve as a basis for enhancement of attorneys' fees

adjustment bears the burden of establishing that an adjustment is warranted. *See Kellstrom*, 50 F.3d at 329 (citing *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 413 (2d Cir.1989)). Many of the *Johnson* factors are "presumably fully reflected in the lodestar amount," however, such modifications are proper only in certain "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings . . . ." *Del. Valley Citizens' Council*, 478 U.S. at 565 (citing *Blum*, 465 U.S. at 898-901).

Although AI Dallas mentions the *Johnson* factors in its fee application, neither party requests an upward or downward departure from the lodestar based on the *Johnson* factors. And the court declines to adjust the lodestar amount because it finds that no further adjustments are warranted under the *Johnson* factors. *See Johnson*, 488 F.2d at 717-19.

IV

AI Dallas also moves for an award of sanctions under 28 U.S.C. § 1927.

A

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Punishment of counsel under § 1927 is to be sparingly applied. *See FDIC v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994). The threshold for awarding costs under the statute requires a showing of improper motive on the part of an attorney, independent of a

---

awarded to prevailing plaintiffs under traditional fee-shifting provisions").

showing that the claims pursued were baseless. *Id.* at 1300. To impose sanctions, the court must find that the sanctioned attorney multiplied the proceedings both "unreasonably" and "vexatiously." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002). This requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). Section 1927 only authorizes shifting fees that are associated with "'the persistent prosecution of a meritless claim.'" *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir.1991) (quoting *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 875 (5th Cir.1988) (en banc)). Sanctions may not be imposed for mere negligence on the part of counsel. *See Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir.1995). Because of the punitive nature of § 1927, the statute is strictly construed. *Id.* "To shift the entire cost of defense, the claimant must prove, by clear and convincing evidence, that *every facet* of the litigation was patently meritless, and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial[.]" *Procter & Gamble*, 280 F.3d at 526 (emphasis in original; citations omitted).

B

AI Dallas contends that sanctions are warranted because this court found that Mai's motion to vacate was without merit or justification; AI Dallas was forced to defend Mai's breach of contract claim for $500,000.00 in arbitration; and Mai's counsel refused to engage in any type of good faith settlement negotiations. Mai's counsel maintains that AI Dallas lacks the necessary evidence to prove bad faith, improper motive, or reckless disregard of the

duty owed, and that AI Dallas cannot merely rely on the merits of litigation. The court agrees. AI Dallas has not made the required showing under the relevant standards. Its request for § 1927 sanctions is therefore denied.

*   *   *

For the reasons explained, the court grants AI Dallas' fee application and awards AI Dallas the total sum of $12,020.50 in attorney's fees (($535.00 x 1.5 hours) + ($395.00 x 28.4 hours)), and denies AI Dallas' motion for sanctions. Mai must pay this award to AI Dallas within 28 days of the date this memorandum opinion and order is filed. If it fails to do so, AI Dallas may enforce this memorandum opinion and order as if it were a judgment of this court.

**SO ORDERED**.

November 17, 2023.

_____<br>
SIDNEY A. FITZWATER<br>
SENIOR JUDGE